## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK E. RALEIGH,

              Plaintiff,

    v.

SERVICE EMPLOYEES
INTERNATIONAL UNION,

              Defendant.

Case No. 18-11591
Hon. Terrence G. Berg

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT IN PART AND DENYING DEFENDANT'S MOTION TO DISMISS

### I.    Introduction

Plaintiff was fired from his job with Defendant Service Employees International Union (SEIU) while on medical leave. After he was fired, several news outlets reported that he was fired because of sexual misconduct. Plaintiff then brought suit alleging that Defendant violated the Family and Medical Leave Act (FMLA), was liable for defamation, false light invasion of privacy, and public disclosure of private facts, and had violated its duty to indemnify and defend Plaintiff in an unrelated IRS investigation. Plaintiff filed a First Amended Complaint on July 23, 2018. ECF No. 4. On August 13, 2018, Defendant filed a Motion to Dismiss. ECF No. 6. Plaintiff responded to the Motion to Dismiss, ECF No. 11, and filed a Motion

for Leave to File a Second Amended Complaint, ECF No. 12, the same day. The Second Amended Complaint adds factual allegations related to the FMLA and defamation claims. It also adds claims for defamation by implication and group libel. Defendant opposes allowing Plaintiff to amend the Complaint on the ground that amendment would be futile. *See* ECF No. 13.

The Court finds that Proposed Second Amended Count I would not be futile because that section of the Proposed Second Amended Complaint would survive a 12(b)(6) Motion to Dismiss. With respect to Count II as amended, which alleges defamation, false light invasion of privacy, public disclosure of private facts, defamation by implication, and group libel, the Court finds that this Count would survive a motion to dismiss, but only in part. Count III as amended would not survive a motion to dismiss. Plaintiff's Motion for Leave to File a Second Amended Complaint is therefore granted in part. Defendant's Motion to Dismiss is denied as moot.

## II. Background

Plaintiff was "in a leadership or staff management position with [Defendant]" between February 2001 and November 2, 2017, until Defendant fired him. ECF No. 12-3 PageID.172, 174. According to Plaintiff's Complaint, on October 23, 2017, Plaintiff submitted a medical certification of total incapacity, with a return to work date of October 30, 2017. ECF No. 4 PageID.21. On October 26, 2018, he

submitted another certification extending the period of total incapacity to November 7, 2017, with a return to work date to be determined. *Id.* at PageID.22. At the time he was fired, Plaintiff was a Deputy Campaign Director for Defendant. ECF No. 4 PageID.18.

On November 2, 2017, Defendant fired Plaintiff. *Id.* at PageID.20. Plaintiff alleges that Defendant then issued a statement to the press that incorrectly stated or implied that Plaintiff was fired for sexual misconduct. *Id.* at PageID.21. Certain news aggregation websites, including BuzzFeed and Breitbart, reported the story as if Plaintiff *had* been fired for sexual misconduct. ECF No. 6-3, 6-4. But Plaintiff alleges that he obtained his employment file, it contains no complaints about sexual misconduct, and counsel for Defendant told Plaintiff that he was not in fact fired for sexual misconduct. ECF No. 4 PageID.22.

Plaintiff did not attach a copy of Defendant's allegedly defamatory statement to any of his complaints. However, Defendant attached a copy of the statement to its Motion to Dismiss, which does not contain the words "sexual misconduct." In it, a spokesperson for Defendant states:

> As a result of information that has come to light through our ongoing internal investigation, today SEIU took action on two senior staff. These personnel actions are the culmination of this stage of the investigation which brought to light the serious problems related to abusive

behavior towards staff, predominantly female staff. We know that progress does not stop with these personnel actions alone. President Henry has taken important steps toward ensuring that our workplace environment reflects our values and that all staff is respected, their contributions are valued, and there are [sic] voices heard.

ECF No. 6-5. At oral argument on the pending motions, Plaintiff suggested that this was only one of several statements Defendant made to the press, and did not concede that this was in fact the allegedly defamatory language or the only allegedly defamatory language at issue in the case.

## III.  Standard of Review

After a responsive pleading has been served, "a party may amend the party's pleading only by leave of court; and leave shall be freely given when justice so requires." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). But a district court can deny leave to amend the complaint if the amendment would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Harford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain

statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–68 (2009). This standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a party's "obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). To survive a Rule 12(b)(6) motion, the complaint and any other matters properly considered must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense," to infer that the defendant is liable for the misconduct alleged. *Id*. at 678 (citing *Twombly*, 550 U.S. at 556), 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Rule 8(a)(2)).

The futility analysis is intertwined with the motion to dismiss analysis. Consequently, the Court considers both together.

## IV.  Analysis

### a. Violation of FMLA

Plaintiff raises six subparts of Count I. He alleges that Defendant violated the FMLA by:

A. Interfering with Plaintiff's FMLA leave;

B. Retaliating against Plaintiff for taking the leave;

C. Terminating Plaintiff during his FMLA leave;

D. Failing to return Plaintiff to a substantially equivalent position after his FMLA leave;

E. Retaliating against Plaintiff by denying him the opportunity to resign in lieu of termination; and

F. Retaliating against Plaintiff by denying him indemnification in an IRS investigation.

Plaintiff does not specify which sections of the FMLA are violated by this litany of conduct. While specificity would have been helpful, it is not necessary in order to rule on Plaintiff's Motion to Amend because Defendant's central contention is that Plaintiff was not a covered employee under the FMLA. Employees at a worksite with fewer than 50 employees are excluded from the definition of "eligible employee" under the FMLA unless the worksite is located within 70 miles of another worksite with more than 50 employees. 29 U.S.C. § 2611(2)(B)(ii). Defendant asserts that Plaintiff was ineligible for FMLA leave because Defendant employed fewer than 50

employees at Plaintiff's worksite. Consequently, if Defendant is correct, Plaintiff cannot maintain any of the claimed violations of the FMLA.

### i. Original allegation

In Plaintiff's First Amended Complaint, his allegation of an FMLA violation is plainly inadequate. He states only "Raleigh was an 'eligible employee' as defined in the FMLA, 29 USC 2611(2), at all relevant times, and/or the SEIU is equitably estopped from claiming Raleigh was not an 'eligible employee.'" ECF No. 4 PageID.17. This statement is no more than a "formulaic recitation" of the elements of Plaintiff's cause of action. *Twombly*, 550 U.S. at 555. Plaintiff does not address the exemptions to the definition of "eligible employee." And he does not provide the Court with any facts that allow a reasonable inference that he was eligible for FMLA leave.

The second part of Plaintiff's original allegation claims that Defendant should be estopped from arguing that Plaintiff was ineligible for FMLA leave. "Our circuit recognizes that in certain circumstances equitable estoppel applies to employer statements regarding an employee's FMLA eligibility, preventing the employer from raising non-eligibility as a defense." *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554 (6th Cir. 2009). In order to prevail on an equitable estoppel argument, Plaintiff must show "(1) a definite

misrepresentation as to a material fact, (2) a reasonable reliance on the misrepresentation, and (3) a resulting detriment to the party reasonably relying on the misrepresentation." *Id.* at 557 (citing *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006)).

Plaintiff fails to allege that Defendant specifically told Plaintiff that  was eligible for FMLA leave or that the leave he was taking was in fact FMLA leave. Instead, Plaintiff makes a vague statement about the "policies, practices, and procedures conveyed to employees." ECF No. 4 PageID.17. This does not rise to the level of "a definite misrepresentation as to a material fact." Where a defendant makes no "forward-looking promises" with respect to an employee's eligibility for FMLA leave, that defendant is not equitably estopped from arguing that an employee-plaintiff is ineligible for such leave. *See Davis v. Michigan Bell Telephone Co.*, 543 F.3d 345, 353 (6th Cir. 2008).

Based on the foregoing analysis, the FMLA violation allegations in Plaintiff's First Amended Complaint cannot survive Defendant's Motion to Dismiss.

## ii. Amended allegation

1. <u>No fixed worksite</u>

The Court next analyzes Plaintiff's Proposed Second Amended Complaint to determine whether the proposed changes would allow Count I to survive a 12(b)(6) Motion to Dismiss.

Plaintiff's proposed amendments attempt to salvage the FMLA claims first by alleging that Plaintiff falls under the "no fixed worksite" exemption. This exemption provides that an employee otherwise subject to the exclusion in 29 U.S.C. § 2611(2)(B)(ii) is covered under the FMLA if that employee has no fixed worksite.

Implementing regulations for the FMLA state that "[a]n employee's worksite under FMLA will ordinarily be the site the employee reports to or, if none, from which the employee's work is assigned." 29 C.F.R. § 825.111(a). "For employees with no fixed worksite, e.g., construction workers, transportation workers (e.g., truck drivers, seamen, pilots), salespersons, etc., the worksite is the site to which they are assigned as their home base, from which their work is assigned, or to which they report." 29 C.F.R. § 825.111(a)(2).

Plaintiff's Proposed Second Amended Complaint states that "Raleigh did not have a fixed worksite in that his position required that he travel throughout the country to perform his duties." ECF No 12-3 PageID.171. But the no-fixed-worksite rule does not apply

simply because an employee's position requires him to travel. Rather, upon review of the regulation, the rule applies where the nature of the position is such that there is no "site the employee reports to." *See Grimsley v. Fiesta Salons, Inc.*, 2003 WL 117985, at *5 (E.D. Mich. Jan. 7, 2003) ("It is undisputed that [the employee] worked from her home in Williamston, Michigan, but supervised all the salons in Michigan and received her assignments from the home office in Dublin, Ohio. Thus, the Ohio location is considered [the employee]'s workplace under the regulations.") The record at this stage is insufficient to determine whether Plaintiff had a worksite to which he was assigned and to which he regularly reported. If someone regularly reports for duty to the company's facility, then departs that facility, the facility is the person's worksite for determining FMLA eligibility. *Cobb v. Contract Transport, Inc.*, 452 F.3d 543, 558–59 (6th Cir. 2006) (finding that a truck driver's work site was where he reported and received his work assignments). If, however, an employee regularly works from his home, he may qualify as an employee with no fixed worksite for FMLA purposes.

Based on the facts as alleged before the Court in this minimal record, Plaintiff's allegation that he had no fixed worksite crosses the threshold of plausibility, though just barely.

2. <u>Equitable estoppel</u>

Plaintiff seeks to add two factual allegations to his complaint to support his equitable estoppel claim.

*a. A definite misrepresentation*

Plaintiff first seeks to add an allegation to support the first prong of his estoppel defense—a definite misrepresentation as to a material fact. The Proposed Second Amended Complaint states, "Upon receipt of Raleigh's medical certification, the Union immediately placed Raleigh on leave, consistent with the Union's FMLA policy." This additional factual allegation, taken as true, allows Plaintiff to survive a motion to dismiss based on the first prong of the equitable estoppel defense. There is no case law to suggest that a defendant's conduct alone cannot suffice as a "definite misrepresentation" for purposes of equitable estoppel at the motion to dismiss stage. *Cf. Dobrowski*, 571 F.3d at 555–556 ("[T]he party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse." (quoting *Heckler v. Community Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 59 (1984) and adopting *Heckler*'s approach to FMLA equitable estoppel).

So long as Defendant allegedly made a "forward-looking promise," the first prong is satisfied, regardless of the method of communication it used to convey that promise. Plaintiff's allegation that Defendant's conduct in placing him on leave consistent with its FMLA policy conveyed the promise that Plaintiff's leave was FMLA

leave, along with the allegation in his First Amended Complaint that Defendant had in place policies and procedures that indicated to Plaintiff that he was eligible for FMLA, again places his proposed amendment plausibly above futile, but only slightly so.

### b. *Reliance on the misrepresentation*

Plaintiff also seeks to amend his factual allegation to better support the second prong of the equitable estoppel test—that Plaintiff reasonably relied on Defendant's indication that he was eligible for FMLA leave when he decided to take that leave. Defendant argues that Plaintiff's amendment is futile because he states that he "submitted a medical certification of total incapacity." Plaintiff's Proposed Second Amended Complaint, ECF No. 12-3 PageID.176. If Plaintiff was in fact totally incapacitated, Defendant argues, taking leave was unavoidable, regardless of whether that leave was under the FMLA. Therefore, Plaintiff could not have changed his position in reliance on Defendant's misrepresentation.

Defendant's argument fails. Obtaining a "medical certification of total incapacity" does not necessarily mean that Plaintiff had no choice but to go on leave, even if he had known that he would lose his job for doing so. Terminology describing patients' ability to work—or not—with a medical condition may not translate to real-world behaviors when a person is faced with termination from a

long-held position. When a plaintiff alleges in a complaint that he would have returned to work had he known he could not take protected leave, the existence of a medical certification of total incapacity is not enough to grant a motion to dismiss that complaint. *Cf. Smyth v. Wawa, Inc.*, No. 06-4474, 2008 WL 741036, at *7 (E.D. Pa. Mar. 19, 2008) (finding a genuine issue of material fact as to whether the plaintiff could have returned to work despite her doctor's note indicating that the plaintiff was totally incapacitated on that date).

Based on the foregoing, the Court finds that in Plaintiff's Proposed Second Amended Complaint, (1) Plaintiff has plausibly alleged that Defendant is estopped from claiming that Plaintiff was not eligible for FMLA protections; and (2) Plaintiff has plausibly alleged that he falls under the no-fixed-worksite exception to the 50-employee minimum for FMLA coverage. Plaintiff's Motion for Leave to File Second Amended Complaint is therefore granted as to Count I.

### c. Count II defamation claims

Plaintiff combines several causes of action into his Count II claim: defamation, false light invasion of privacy, public disclosure of private facts, defamation by implication, and group libel. As discussed below, his Proposed Second Amended Complaint would be

futile as to public disclosure of private facts and group libel, but not as to the other claims.

As an initial matter, Plaintiff is correct that Michigan's heightened pleading standard for defamation claims does not apply in federal court. "The Federal Rules of Civil Procedure govern the pleading requirements in federal court." *State Farm Fire and Casualty Co. v. Allied and Assocs.*, 860 F. Supp. 2d 432, 446–47 (E.D. Mich. 2012) (finding that Michigan law requiring a plaintiff to plead a defamation claim with specificity does not apply in federal court, where the federal rules require only a short and plain statement of the claim showing that the pleader is entitled to relief) (citing *Ridgway v. Ford Dealer Computer Servs., Inc.*, 114 F.3d 94, 98 n.5 (6th Cir. 1997); *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)). Therefore, Plaintiff need not allege the actual words that Defendant said that constitute the basis of his claim. *Armstrong v. Shirvell*, 596 F. App'x 433, 444 (6th Cir. 2015); *but see Bhan v. Battle Creek Health Sys.*, 579 F. App'x 438, 446–47 (6th Cir. 2014). However, he must still allege facts that, when taken as true, would entitle him to relief under Michigan law.

### i. Defamation

In Michigan, stating a claim for defamation requires: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication or communication to a third party; (3) fault on the

part of the publisher at least amounting to negligence; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. 15 Mich. Civ. Jur. Libel and Slander § 3.

Plaintiff has alleged that Defendant published a false statement to third parties, satisfying prongs one and two. ECF No. 12-3 PageID.178. Plaintiff has also alleged facts sufficient to find that Defendant was at least negligent in publishing this information. The fourth element of a defamation claim is also satisfied here. "[A]t common law, defamation per se typically concerns issues of chastity, commission of a crime, loathsome disease, or disparagement of one's profession or business." *Nehls v. Hillsdale College*, 65 F. App'x 984, 990–91 (6th Cir. 2003) (citing cases). Even if Defendant's alleged statement did not fall into one of these categories, Plaintiff has also pled special damages based on his loss of income. Therefore, Plaintiff's Proposed Second Amended Complaint would not be futile as to this claim.

### ii. False light invasion of privacy

The elements of the claim of false light invasion of privacy are that "the defendant broadcast to the general public, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position."

20 Mich. Civ. Jur. Privacy § 9; *Puetz v. Spectrum Health Hospitals*, 919 N.W.2d 439, 449 (Mich. Ct. App. 2018).

Plaintiff has alleged that Defendant attributed false conduct to him—namely, committing sexual misconduct. Plaintiff has also alleged that Defendant broadcast this information to the general public. Finally, Plaintiff has alleged facts supporting the conclusion that this information was unreasonable and highly objectionable. Plaintiff's Proposed Second Amended Complaint would not be futile as to this claim.

### iii. Public disclosure of private facts

"A cause of action for public disclosure of embarrassing private facts requires (1) the disclosure of information, (2) that is highly offensive to a reasonable person, and (3) that is of no legitimate concern to the public." *Doe v. Mills*, 536 N.W.2d 824, 828 (Mich. Ct. App. 1995). Plaintiff fails to plead facts to support the third element of this claim.

Construed extremely liberally, Plaintiff's Proposed Second Amended Complaint alleges that Defendant disclosed private information—the reason for Plaintiff's firing. Plaintiff also adequately alleges that this information satisfied the second element. *See Pawlaczyk v. Besser Credit Union*, 14-cv-10983, 2014 WL 5425576, at *5 (E.D. Mich. Oct. 22, 2014) ("It is only when the publicity given to him is such that a reasonable person would feel justified in feeling

seriously aggrieved by it, that the cause of action arises." (discussing the "highly offensive to a reasonable person" standard) (quoting Restatement 2d of Torts § 652D)). In *Pawlaczyk*, the court found that the plaintiff had not met the pleading standard for her claim that her employer revealed that she was fired, in part because the employer did "not disclose the nature of the separation or any reasons behind it." *Id.* at *6. Here, Plaintiff alleges that Defendant did disclose the nature of his separation with Defendant.

However, Plaintiff has not alleged that the information disclosed was of no legitimate interest to the public. In order to be actionable as a public disclosure of private facts, a disclosure "must concern plaintiffs' private, as distinguished from public, lives." *Lansing Ass'n of School Administrators v. Lansing School Dist. Bd. of Educ.*, 549 N.W.2d 15, 21 (Mich. Ct. App. 1996). In *Lansing Association*, the Michigan Court of Appeals declined to find that disclosure of information "regarding the professional performance" of teachers was of no legitimate concern to the public. *Id.* In addition, generally, "[i]nformation of a legitimate concern to the public includes matters regarded as 'news.'" *Fry v. Iona Sentinel-Standard*, 300 N.W.2d 687, 690 (Mich. Ct. App. 1980). Plaintiff has not pled that the reason for his firing was of no legitimate concern to the public. In fact, his lawsuit is based in part on the premise that his firing *was* newsworthy—and that Defendant sought to use that to its advantage.

For this reason, Plaintiff's Proposed Second Amended Complaint would be futile as to his claim for public disclosure of private facts.

### iv. Defamation by implication

"Michigan recognizes defamation by implication without a direct showing of a false statement," so long as "the defamatory implications are materially false." *Panian v. Lambrecht Assocs.*, 14-cv-572, 2014 U.S. Dist. LEXIS 167189, at *5 (W.D. Mich. Dec. 3, 2014) (citing *Locricchio v. Evening News Ass'n*, 476 N.W.2d 112, 132 (Mich. 1991); *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 609 N.W.2d 607, 611 (Mich. Ct. App. 2000)). The remaining elements of a defamation by implication claim under state law are the same as the elements of a defamation claim. Those elements are satisfied here, as they were with respect to Plaintiff's defamation claim above. Plaintiff's Second Amended Complaint has therefore plausibly alleged this claim.

### v. Group libel

Michigan law recognizes a cause of action for libelous statements directed toward a small group of people, in which the plaintiff is "readily ascertainable." *Hoffman v. Roberto*, 85 B.R. 406, 412 (W.D. Mich. 1987). In order to sustain this claim, a plaintiff must show that he is an identifiable member of a group that has been defamed. *See Mich. United Conservation Clubs v. CBS News*, 485 F. Supp. 893, 898 (W.D. Mich. 1980) ("The plaintiff must first of all show that

he is in fact a member of the *class defamed*." (emphasis added) (quoting W. Prosser, The Law of Torts, § 112)). Plaintiff has not alleged facts sufficient to support the background allegation that Defendant defamed a *group* of people. He has not alleged that Defendant's statements about the group of fired employees was false as to the entire group.

For these reasons, Plaintiff's Proposed Second Amended Complaint would be futile as to the group libel claim.

### d. Violation of duty to indemnify and defend

The duty to indemnify "relates to the obligation of one person or entity to make good a loss another has incurred while acting for its benefit or at its request" and can be based on a contract or imposed by law. *Langley v. Harris Corp.*, 321 N.W.2d 662, 665 (Mich. 1981). Plaintiff has not alleged the existence of any contract between him and Defendant to provide indemnification, nor has he specified any facts showing a breach of a contractual duty to indemnify him.[1]

The common law duty to indemnify applies only "where the *wrongful act of one party results in another being held liable*." *North Community Healthcare, Inc. v. Telford*, 556 N.W.2d 180, 182 (Mich. Ct. App. 1996) (emphasis in original). As Defendant points out, Plaintiff has not alleged that he was held liable for any act. Plaintiff

---

[1] While Plaintiff does allege that the Union *offered* to provide an attorney to represent him, he also alleges that he did not accept that offer. Such claims do not allege the existence of a contract to provide indemnification.

responds with the argument that "no law requires a plaintiff to wait until a judgment before seeking indemnification." ECF No. 11 PageID.102. But Plaintiff fails to address the law Defendant cites from Michigan courts saying exactly this.

Plaintiff also establishes no basis for Defendant's alleged duty to defend him. "[T]he common law duty to indemnify does not encompass a separate duty to defend." *Partner & Partner II, Inc. v. Ayar Property Management, LLC*, No. 298693, 2011 WL 3593996 (Mich. Ct. App. Aug. 16, 2011). Any such duty would therefore arise out of a contract between the parties. Plaintiff has not alleged that a contractual duty to defend exists. Nor has Plaintiff cited any case law in his Response to the Motion to Dismiss that supports his position that the facts he alleges could plausibly support the inference that Defendant owed a duty to defend him.

Finally, Plaintiff admits that Defendant did offer to provide an attorney to represent him for his IRS interview. Had Plaintiff stated a claim, this would render it moot. Plaintiff's Proposed Second Amended Complaint would be futile as to Count III.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED** as to Count I, **GRANTED in part** as to Count II, but **DENIED in part** as to the public disclosure of private facts and group libel claims of Count II,

and **DENIED** as to Count III. Defendant's Motion to Dismiss is consequently **DENIED** as moot. Plaintiff must file his Second Amended Complaint containing the claims allowed by this decision within seven (7) days of the date of this Order.

**SO ORDERED.**

Dated:  March 21, 2019      s/Terrence G. Berg
_____
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

**Certificate of Service**

    I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 21, 2019.

                        s/A. Chubb
                    _____
                    Case Manager