| | |
|---|---|
| MARK RALEIGH,<br>   Plaintiff,<br><br>  v.<br><br>SERVICE EMPLOYEES<br>INTERNATIONAL UNION,<br>   Defendant. | Case No. 2:18-cv-11591<br>Hon. Terrance G. Berg<br>Magistrate Judge David Grand |

## STIPULATED PROTECTIVE ORDER

Upon considering the stipulation of the parties, and this Court being fully apprised therein, this Court finds that a Protective Order regarding private, confidential, and/or proprietary information should be entered in this matter, and accordingly,

**IT IS ORDERED** that:

1. This Protective Order is hereby entered in this matter and governs certain designated documents, testimony, information, and other written discovery ("Discovery Material") to be exchanged by the parties, Plaintiff Mark Raleigh and Defendant Service Employees International Union ("SEIU") and by any non-parties requested to produce Discovery Material in this action ("Litigation") that the producing party or non-party considers to be private, confidential, or proprietary.

2. All Discovery Material designated as "Confidential" when it is produced, or designated as "Confidential" during any depositions taken during the Litigation, shall (unless the "Confidential" designation is voluntarily withdrawn or stricken by Order of this Court) be used solely for purposes of the Litigation and for no other purpose, except that material designated as "Confidential" may be used for purposes of the litigation in *Fells v. SEIU*, No. 2019 CA 3079 B (D.C. Superior Court) ("*Fells* Litigation") to the same extent to which it may be used in this Litigation. All Discovery Material designated as "Confidential—Raleigh Only" when it is produced, or designated as "Confidential—Raleigh Only" during any depositions taken during the Litigation, shall (unless the "Confidential—Raleigh Only" designation is voluntarily withdrawn or stricken by Order of this Court) be used solely for purposes of the Litigation and for no other purpose; such material may *not* be used in the *Fells* Litigation. If, in the course of discovery or other proceedings in this Litigation, Defendants or Plaintiff, any party to the Litigation, or any third-party discloses Discovery Material they deem confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential" or "Confidential—Raleigh Only." A party may designate information produced in discovery as "Confidential" or "Confidential—Raleigh Only" material only if the disclosing party determines, in good faith, that such material is: (a) private personnel information, including performance ratings, reviews, retirement or separation

2

information, and salary, benefit and compensation information, of any current or former employee of any party to this litigation; (b) confidential personal, medical, or financial data concerning Plaintiff, any relative of Plaintiff, or any current or former officer and/or employee of SEIU and/or their spouses; or (iii) information of a proprietary, or confidential business nature, which is not generally known and which an entity would not normally reveal to third parties or, if revealed, would require third parties to maintain in confidence (for example, financial statements and related data, member information, business/organizing plans and agreements, and other similar information). In addition, a party may designate information produced in discovery as "Confidential—Raleigh Only" material only if the disclosing party determines, in good faith, that such material pertains only to the *Raleigh* Litigation and is inappropriate for disclosure in the *Fells* Litigation. Examples of such material include, but are not limited to, documents reflecting confidential statements or information from witnesses that were obtained in the investigation of Plaintiff Raleigh, but not Plaintiff Fells; and documents reflecting confidential organizing and other information in work assignments completed by Plaintiff Raleigh

3. Documents and other written discovery shall be designated as "Confidential" or "Confidential—Raleigh Only" by stamping each page of the document with the corresponding legend. Deposition testimony shall be designated "Confidential" or "Confidential—Raleigh Only" by so indicating orally on the

record during the deposition. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

4. Any person in possession of Confidential Discovery Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

5. Confidential Discovery Material shall not be disclosed to third parties who are not litigants in this case or their counsel, except as provided in paragraph 6, except upon prior written consent of the designating party.

6. Discovery Material that is designated "Confidential" may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    a.    the Court (including any appellate court) and Court personnel;
    b.    court reporters in connection with the taking of a deposition or the transcription of court proceedings;
    c.    attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;
    d.    parties to the Litigation and their officers, directors, trustees, and managerial employees;
    e.    the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;
    f.    anticipated and actual fact witnesses other than the parties to the Litigation, either during or outside a deposition or court proceeding, provided that counsel disclosing the Confidential Discovery Material has a good-faith basis to disclose such information to such witness;
    g.    experts, advisors, consultants, and other persons engaged to assist directly in the Litigation; and

      h.      mediators, facilitators, arbitrators or other third-party neutrals that are engaged by the parties to the Litigation to participate in a resolution of the Litigation.

      i.      Discovery Material designated as "Confidential" may be used for purposes of the litigation in *Fells v. SEIU*, No. 2019 CA 3079 B (D.C. Superior Court) ("*Fells* Litigation") to the same extent to which it may be used in this Litigation.

7.    Discovery Material that is designated "Confidential—Raleigh Only" may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the persons or entities described in Paragraphs 6(a)-(h), above. Discovery Material that is designated "Confidential—Raleigh Only" may *not* be disclosed for purposes of the *Fells* Litigation.

8.    All persons to whom Confidential Discovery Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order and informed that they are subject to the terms and conditions of this Order prior to disclosure.

9.    In the event that counsel for any signatory to this Order at any time believes that Confidential Discovery Material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith in an attempt to reach an agreement regarding the status of the Confidential Discovery Material. If the dispute is not resolved, the party claiming the "Confidential" or "Confidential—Raleigh Only" status of the Discovery Material may bring the dispute before the Court on an

expedited basis for a determination. In the event that such a motion is made, any disputed Confidential Discovery Material shall remain subject to and protected by this Order until such motion is resolved. In the event that a motion challenging the designation is filed, it shall at all times be the burden of the party or person seeking the confidential designation to demonstrate, under existing standards of law, that the Discovery Material at issue warrants the designation.

10. Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever.

11. This Order shall have no effect upon a designating party's use of its own Confidential Discovery Material.

12. The inadvertent failure to designate Discovery Material as "Confidential" or "Confidential—Raleigh Only" shall be corrected by supplemental written notice to the receiving party as soon as practicable to prevent further use or disclosure of Confidential Discovery Material contained therein by such persons.

13. Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

14. Any Confidential Discovery Material filed by either party with a Court, either as part of a pleading, brief, or otherwise, shall be filed under seal in accordance with the provisions of local rules and any applicable rules or guidelines governing the filing of materials under seal with the electronic case filing system. Where possible, only the portions of the filing with the Court constituting Confidential Discovery Material shall be filed under seal. Prior to filing any such material under seal, the parties agree to meet and confer regarding whether the Confidential Discovery Material can be filed in redacted form. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

15. Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential Discovery Material shall, upon request, either: (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Discovery Material, with such papers remaining subject to the terms and conditions of this Order.

16. The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

17. Prior to the time this Order is entered by the Court, Confidential Discovery Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

**IT IS SO ORDERED.**

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2019

**STIPULATED AND AGREED**

/s/ Brian J. Farrar
Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
rsterling@sterlingattorneys.com
bfarrar@sterlingattorneys.com
Attorneys for Plaintiff

/s/ Kathleen M. Keller
Kathleen M. Keller (DC #470505)
April H. Pullium (DC #198026)
Bredhoff & Kaiser PLLC
805 15th St., NW, Suite 1000
Washington, DC 20005
(202) 842-2600
kkeller@bredhoff.com
apullium@bredhoff.com

Heather Cummings (P67029)
Cummings & Cummings Law Group, PLLC
423 N. Main St., Suite 200
Royal Oak, MI 48067
(248) 733-3405
heather@cummingslawpllc.com