UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK RALEIGH**, <br><br> Plaintiff, <br><br> vs. <br><br> **SERVICE EMPLOYEES INTERNATIONAL UNION**, <br><br> Defendant. | 2:18-CV-11591-TGB <br><br><br> **ORDER GRANTING MOTION TO COMPEL LIMITED DEPOSITION** |

Plaintiff Mark Raleigh alleges Defendant Service Employees International Union (SEIU) violated the Family and Medical Leave Act when he was terminated by SEIU while on protected medical leave. Plaintiff also alleges SEIU then defamed him when it published accounts of his termination that falsely implied that he was terminated for sexual misconduct when he was not. Before the Court is Plaintiff's Motion to Compel the Deposition of SEIU President Mary Kay Henry. ECF No. 28. For the reasons below, the Court will permit a limited deposition of Ms. Henry.

## I. Contentions

Plaintiff seeks to compel the testimony of SEIU President Mary Kay Henry because Plaintiff believes that Ms. Henry was involved in both the decision to terminate Plaintiff and SEIU's subsequent media strategy. ECF No. 28. Plaintiff cites email communications between Ms. Henry and SEIU communications director Sahir Wali regarding press reports about sexual harassment allegations at SEIU, ECF No. 29-2; Internal email chains discussing Plaintiff's administrative leave that Ms. Henry was not copied on, ECF Nos. 29-3, 29-4; An email sent from Ms. Henry to SEIU staff referencing Plaintiff being placed on administrative leave, ECF No. 28-2, PageID.301; An email sent by Ms. Henry to advisors about responding the press reports generally, ECF No. 29-5; Two conference calls involving Ms. Henry and SEIU staff; And talking points prepared for Ms. Henry by Ms. Wali for use in the calls with SEIU staff, ECF No. 29-6.

Defendant contends that none of the documents cited by Plaintiff demonstrate that Ms. Henry has any knowledge of the facts underlying Plaintiff's claims that cannot be obtained from other sources. ECF No. 30, PageID.328. Defendant argues that she has no unique knowledge of

the facts of this case since SEIU staff, and not Ms. Henry, made all decisions regarding Plaintiff's leave and termination. Defendant asserts that the communications Plaintiff cites pertain primarily to the resignation of another employee, not Plaintiff, and none of the exhibits show that Ms. Henry did anything more than remain apprised of decisions that were made by her advisors. *Id.* at PageID.329.

## II. Legal Standard

Though Federal Rule of Civil Procedure 26(b)(1) provides for broad discovery of relevant and nonprivileged matters, upon a showing of good cause, the Court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). When a party seeks to depose a high-level corporate or governmental decisionmaker who is not the subject of the litigation, the party must first demonstrate that the proposed deponent has "unique personal knowledge" of facts relevant to the dispute. *See Lewelling v. Farmer Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (affirming issuance of protective order based on deponent having no knowledge as to facts pertinent to the plaintiff's action); *see also Devlin*

*v. Chemed Corp.*, No. 04-CV-74192-DT, 2005 WL 2313859, at *2 (E.D. Mich. Sept. 21, 2005) (same).

### III. Discussion

Ms. Henry is the president of SEIU, a two-million-member union. Plaintiff seeks to depose her because Plaintiff contends that she personally participated in his termination and the Union's internal and external communications surrounding his termination. According to the evidence in the record, President Henry was aware of Plaintiff's leave and termination. For example, Ms. Henry sent an email to staff on October 24, 2017 that discussed scheduling staff meetings in response to the Buzzfeed article that referenced both Plaintiff and allegations against Executive Vice President Scott Courtney. *See* ECF No. 29-5. She also participated in conference calls where Plaintiff was discussed, and apparently no transcript of those calls exists. *See* Fells Dep., ECF No. 28-3, PageID.304. Thus, unlike a typical case where a plaintiff seeks to depose a high-ranking executive far removed from the events giving rise to the lawsuit, here the evidence before the Court demonstrates that Ms. Henry had knowledge of relevant facts at the time the events took place and participated in at least some of the relevant discussions.

At the same time, the evidence in the record does not clearly establish with certainty that Ms. Henry possesses a wealth of unique personal knowledge of the facts of this dispute that could not be obtained from other deponents. For example, a significant portion of the emails cited by Plaintiff were not sent by Ms. Henry, and many she was not even copied on. *See* ECF No. 29-3. Plaintiff cites a set of talking points prepared for Ms. Henry that references Plaintiff, but the talking points were prepared by Ms. Wali—whom Plaintiff deposed. *See* ECF No. 29-6. The only evidence in the record of Ms. Henry's involvement in preparing the talking points is her apparent request to change the order of one of the bullet points. ECF No. 29-8, PageID.326.

Considering the facts as a whole, because Plaintiff has demonstrated that Ms. Henry was a personal participant in some of the events giving rise to this lawsuit and may have some limited knowledge of relevant facts that Plaintiff cannot obtain from other sources, the Court grants Plaintiff a limited deposition of Ms. Henry that may not exceed two hours.

## IV. Conclusion

For the reasons cited herein, the Motion to Compel the Deposition of SEIU President Mary Kay Henry (ECF No. 28) is **GRANTED**. Plaintiff may depose Ms. Henry for a time not exceeding two hours.

DATED this 30th day of April, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge
